# EXHIBIT 1



State of Connecticut Judicial Branch
Superior Court E-Filing



E-Services Home
-
E-Services Inbox (372)
-
Superior Court E-Filing
Civil/Family
Housing
Small Claims
-
E-File a New Case
-
E-File on an Existing Case
By Docket Number
By Party Name
List My Cases
-
Court Events
By Date
By Juris Number
By Docket Number
-
Short Calendars
Markings Entry
Markings History
My Short Calendars
By Court Location
Calendar Notices
-
My Shopping Cart (0)
My E-Filed Items
-
Legal Notices
-
Pending Foreclosure Sales
-
Search By Property Address
-

**We are experiencing issues completing credit card transactions for filers using Safari browsers. At this time, if you are an attorney or firm using Safari as your browser, please either use a different browser or pay by check. Self-represented parties should also use a browser other than Safari if possible or should file any cases or motions which require a fee on paper with the Court Clerk. Thank you for your patience.**

**Attorney/Firm:** KAITLIN KELLY SMITH (436262) **E-Mail:** ksmith@apslaw.com Logout

**NNH-CV22-6123222-S** DALEY, SHERWIN D. v. HOME DEPOT U.S.A., INC. Et Al

**Prefix:** NH5 **Case Type:** T03 **File Date:** 05/09/2022 **Return Date:** 06/07/2022

Case Detail | Notices | History | Exhibits | Scheduled Court Dates | Help Manual

To receive an email when there is activity on this case, click here.

**Select Case Activity:** E-File a Pleading or Motion Go

**Information updated as of:** 06/02/2022

### Case Information

**Case Type:** T03 - Torts - Defective Premises - Private - Other
**Court Location:** New Haven JD
**List Type:** No List Type
**Trial List Claim:**
**Last Action Date:** 06/02/2022 (The "last action date" is the date the information was entered in the system)

### Disposition Information

**Disposition Date:**
**Disposition:**
**Judge or Magistrate:**

### Party & Appearance Information

| Party | | No Fee Party | Party Category | Party Type |
|---|---|---|---|---|
| P-01 | SHERWIN D. DALEY<br>Attorney: CONNOLLY BRENNAN RALABATE PC (441648) File Date: 05/09/2022<br>3288 MAIN STREET<br>STRATFORD, CT 06614 | | Plaintiff | Person |
| D-01 | HOME DEPOT U.S.A., INC.<br>Attorney: NEW KAITLIN KELLY SMITH (436262) File Date: 06/02/2022<br>175 FEDERAL STREET<br>10TH FLOOR<br>BOSTON, MA 02110 | | Defendant | Firm or Corporation |
| D-02 | HOME DEPOT MANAGEMENT COMPANY, LLC<br>Non-Appearing | | Defendant | Firm or Corporation |
| D-03 | HOME DEPOT PRODUCT AUTHORITY, LLC<br>Non-Appearing | | Defendant | Firm or Corporation |
| D-04 | NEW HOME DEPOT PRODUCT AUTHORITY, LLC<br>Non-Appearing | | Defendant | Firm or Corporation |
| D-05 | HD SUPPLY, INC.<br>Non-Appearing | | Defendant | Firm or Corporation |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an e in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.
- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*
- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*
- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

**Motions / Pleadings / Documents / Case Status**

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 05/09/2022 | P | SUMMONS | |
| | 05/09/2022 | P | COMPLAINT | |
| | 05/09/2022 | P | ADDITIONAL PARTIES PAGE | |
| | 06/02/2022 | D | APPEARANCE NEW<br>Appearance | |
| 100.30 | 05/09/2022 | P | RETURN OF SERVICE | No |

**Scheduled Court Dates as of 06/01/2022**

**NNH-CV22-6123222-S - DALEY, SHERWIN D. v. HOME DEPOT U.S.A., INC. Et Al**

| # | Date | Time | Event Description | Status |
|---|---|---|---|---|
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.
This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Copyright © 2022, State of Connecticut Judicial Branch

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503 – 6800 | 06/07/2022 |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At *(City/Town)* New Haven | Case type code *(See list on page 2)* Major: T Minor: 03 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Connolly Brennan Ralabate, PC | 441648 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| (203) 493 – 0093 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*: **Emily@cbrattorneys.com**

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: **Daley, Sherwin D.**<br>Address: **14 Homeside Avenue, West Haven, CT 06516** | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: **Home Depot U.S.A., Inc., 2455 Paces Ferry Road, Atlanta, GA 30339**<br>Address: **Agent:Corporation Service Company, Goodwin Square 225 Asylum Street, 20th Floor, Hartford CT 06103** | D-01 |
| Additional defendant | Name: **Home Depot Management Company, LLC, 2455 Paces Ferry Road, Atlanta, GA 30339**<br>Address: **Agent:Corporation Service Company, Goodwin Square 225 Asylum Street, 20th Floor, Hartford CT 06103** | D-02 |
| Additional defendant | Name: **Home Depot Product Authority, LLC, 2455 Paces Ferry Road, Atlanta, GA 30339**<br>Address: **Agent: Secretary of State, 165 Capitol Ave., P.O. Box 150470, Hartford, CT 06115-0470** | D-03 |
| Additional defendant | Name: **New Home Depot Product Authority, LLC, 2455 Paces Ferry Road, Atlanta, GA 30339**<br>Address: **Agent:Corporation Service Company, Goodwin Square 225 Asylum Street, 20th Floor, Hartford CT 06103** | D-04 |

| **Total number of plaintiffs: 1** | **Total number of defendants: 5** | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.

**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | | Name of person signing |
|---|---|---|---|
| 04/26/2022 | [signature] | ☒ Commissioner of Superior Court ☐ Clerk | Emily Connolly Ralabate |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*
   - *(a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   - *(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   - *(c) Applications for change of name*
   - *(d) Probate appeals*
   - *(e) Administrative appeals*
   - *(f) Proceedings pertaining to arbitration*
   - *(g) Summary Process (Eviction) actions*
   - *(h) Entry and Detainer proceedings*
   - *(i) Housing Code Enforcement actions*

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other<br>*Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2 Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**Daley, Sherwin D.**

First named Defendant *(Last, First, Middle Initial)*
**Home Depot U.S.A., Inc.**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| | 03 |
| | 04 |
| | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| **HD Supply, Inc., 3400 Cumberland Boulevard, Atlanta, GA 30339**<br>**Agent: Corporation Service Company, Goodwin Square 225 Asylum Street, 20th Floor, Hartford, CT 06103** | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |

*FOR COURT USE ONLY - File Date*

Docket number

| | | |
|---|---|---|
| **RETURN DATE: JUNE 7, 2022** | : | **SUPERIOR COURT** |
| **SHERWIN D. DALEY** | : | **J.D. NEW HAVEN** |
| **V.** | : | **AT NEW HAVEN** |
| **HOME DEPOT U.S.A., INC.; HOME DEPOT MANAGEMENT COMPANY, LLC; HOME DEPOT PRODUCT AUTHORITY, LLC; NEW HOME DEPOT PRODUCT AUTHORITY, LLC; HD SUPPLY, INC.** | : | **APRIL 26, 2022** |

**COMPLAINT**

**COUNT ONE: (v. Home Depot U.S.A., Inc.)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, Home Depot U.S.A., Inc. (hereinafter referred to as "Home Depot") was a foreign corporation utilizing business address 2455 Paces Ferry Road, Atlanta, Georgia, 30339, and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.

3. At all times mentioned herein, Home Depot owned and operated Store #6223 located at 75 Frontage Road, East Haven, Connecticut 06512 (hereinafter "the premises").



CBR CONNOLLY BRENNAN RALABATE | PC

4. At all times mentioned herein, the Defendant, Home Depot had possession and/or control of the premises which was used by the defendant for the retail sales of many varieties of retail goods to the general public.

5. At all times mentioned herein, the Plaintiff was a business invitee of the premises. At all times mentioned herein, the Defendant, Home Depot was responsible for the maintenance, display, stocking, exhibition, advertisement and inspection of its merchandise.

6. At all times mentioned herein, the Defendant, Home Depot directed, expected, encouraged, accommodated and intended that its customers to handle, select, and carry their own merchandise to checkout.

7. On September 2, 2021 at approximately 1:17 p.m. the Plaintiff went to the premises in order to purchase certain lumber materials/merchandise including the lumber items depicted in Exhibit A and Exhibit B (hereinafter "lumber materials/merchandise").

8. At or around this time the Plaintiff was selecting from lumber materials/merchandise which were displayed/stacked in the premises in bundles when a piece of the lumber materials/merchandise suddenly and without warning fell and struck the Plaintiff's head.

9. The lumber material/merchandise struck the Plaintiff's head as a result of the

CBR CONNOLLY BRENNAN RALABATE | PC

Defendant's carelessness and/or negligence in one or more of the following ways:

a. In that the Defendant failed to exercise reasonable care to maintain its premises in a reasonably safe condition although it knew, or in the exercise of reasonable care should have known that the manner in which the lumber merchandise was displayed was unsafe and/or unstable;

b. In that the Defendant failed to take reasonable and feasible precautions to protect its customers from the foreseeable dangers which arise as a result of stacking numerous bundles of lumber materials/merchandise in the manner which it did at the time of this incident;

c. In that the Defendant failed to place, secure, stock and/or display the lumber materials/merchandise and/or bundles of said merchandise on its shelves safely so products would not be caused to fall or become loose, dislodged or unbundled when it knew, or reasonably should have known

that business invitees such as the Plaintiff customarily handled, selected, inspected and/or carried said merchandise to checkout;

d. In that the Defendant failed to take steps to prevent the displayed lumber materials/merchandise and/or bundles of said merchandise from falling or becoming

CBR CONNOLLY BRENNAN RALABATE | PC

loose, dislodged or unbundled when it knew, or in the exercise of reasonable care should have known that it was an unstable display and/or susceptible to being made unstable during the usual and/or ordinary course of business which includes business invitees customarily handling, selecting and/or carrying said merchandise to checkout;

e. In that the Defendant failed to use any type of stabilizing device, method, and/or modality to secure the lumber materials/merchandise and/or bundles of said merchandise in order to prevent the merchandise from falling or becoming loose, dislodged or unbundled when it knew, or in the exercise of reasonable care should have known that it was an unstable display and/or susceptible to being made unstable during the usual and/or ordinary course of business which includes business invitees customarily handling, selecting and/or carrying said merchandise to checkout;

f. In that the Defendant improperly displayed lumber materials/merchandise and/or bundles of said lumber materials/merchandise and/or bundles of said merchandise by stacking them in such loosely secured bundles thereby creating a dangerous condition at the premises;

CBR CONNOLLY BRENNAN RALABATE | PC

g. In that the Defendant failed to warn customers that the above-described lumber materials/merchandise and/or bundles of said merchandise display was unstable or potentially unstable;

h. In that the Defendant failed to adequately test the safety and security of the lumber materials/merchandise and/or bundles of said merchandise to determine how stable the merchandise was packaged prior to resting it on the display shelves;

i. In that the Defendant failed to properly train and/or supervise its employees regarding safely maintaining, displaying, stocking, exhibiting, advertising, inspecting and securing sharp, heavy materials/merchandise such as lumber materials/merchandise and/or bundles of said merchandise causing the Plaintiff's injury on/at the premises;

j. In that the Defendant through its above-described practice engaged in an inherently unsafe and dangerous mode of operation which created a precarious, hazardous area where business invitees such as the Plaintiff are directed and/or permitted to handle, select, inspect and/or carry/cart to checkout sharp, heavy, lumber materials/merchandise and/or bundles of said merchandise at the premises without sufficient safety measures or monitoring by the Defendant when in the exercise of reasonable care it should not have done so;

CBR CONNOLLY BRENNAN RALABATE | PC

k. In that the Defendant failed to obtain, maintain, monitor and utilize its video surveillance of the premises' interior in order to: (i) implement and/or enforce reasonable and feasible safety measures where the Plaintiff's injury occurred to monitor, manage, maintain a safe environment; (ii) implement and/or enforce reasonable and feasible protocols concerning safely maintaining, displaying, stocking, exhibiting, advertising, inspecting and securing sharp, heavy materials/merchandise such as lumber materials/merchandise and/or bundles of said merchandise on/at the premises; (iii) implement and/or enforce reasonable and feasible protocols concerning supervising its servants, agents or employees regarding maintenance, inspection and operation of the premises' interior (including the area where the Plaintiff's injury occurred);

l. In that the Defendant failed to store, cover and/or otherwise comply with the product manufacture's procedures, instructions, warranties for the products thereby creating a dangerous condition at the premises.

10. The Defendant's carelessness and/or negligence caused the Plaintiff to suffer the following injuries, some or all of which are permanent in nature and effect:

a. Head injury, symptoms and sequellae;



CBR CONNOLLY BRENNAN RALABATE | PC

b. Head pain;

c. Head/face laceration and scarring;

d. Headache;

e. Blurred vision, nausea, light and sound sensitivity;

f. Past medical bills;

g. Future medical bills;

h. Pain and suffering.

11. Also as a result of the carelessness and negligence of the Defendant, the Plaintiff can no longer perform all of his normal, daily activities on a pain-free basis; will be required to undergo future medical treatment at significant expense; may lose time from work; and suffer an impairment of his earning capacity in the future.

**COUNT TWO: (v. Home Depot, U.S.A., Inc.)**

1. At all times mentioned herein, the Plaintiff resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, Home Depot U.S.A., Inc. (hereinafter referred to as "Home Depot") was a foreign corporation utilizing business address 2455 Paces Ferry Road, Atlanta, Georgia, 30339, and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.



CBR CONNOLLY BRENNAN RALABATE | PC

3. At all times mentioned herein, Home Depot owned and operated Store #6223 located at 75 Frontage Road, East Haven, Connecticut 06512 (hereinafter "the premises").

4. At all times mentioned herein, Home Depot was an entity engaged in the business of selling lumber products such as those depicted in Plaintiff's Exhibit A and Exhibit B (hereinafter "lumber" or "product") for use, resale, and/or consumption.

5. On September 2, 2021 at approximately 1:17 p.m. the Plaintiff went to the premises in order to purchase certain lumber materials/merchandise including the lumber items depicted in the photograph attached as Exhibit A (hereinafter "lumber materials/merchandise").

6. Between the date of purchase and the date of the subject incident, the product was not modified or altered in any way, from the condition in which it was manufactured and/or sold, by the Plaintiff, the Defendant, or any third party.

7. On or about September 2, 2021 at approximately 1:17 p.m., the Plaintiff was selecting from bundles of said lumber to purchase when the product suddenly and without warning slid out and struck the Plaintiff's head causing physical injury and harm.

8. The manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of said product caused

CBR CONNOLLY BRENNAN RALABATE | PC

the Plaintiff to suffer personal injuries, which have been set forth herein.

9. At the time of the incident the Plaintiff's was putting this product to its intended use.

10. The Defendant, Home Depot, is liable and legally responsible to the Plaintiff for the injuries he sustained in connection with this incident and pursuant to *Connecticut General Statutes* § 52-572m et seq., in one or more of the following respects:

a. In that it failed to manufacture, construct and/or design the product without reasonable and feasible safety precautions/safeguards when it could have done so under the circumstances which existed at that time;

b. In that it failed to prepare the product for the market place without reasonable and feasible safety precautions/safeguards when it could have done so under the circumstances which existed at that time;

c. In that it failed to assemble said product without reasonable and feasible safety precautions/safeguards when it could have done so under the circumstances which existed at that time;

d. In that it failed to test said product without reasonable and feasible safety precautions/safeguards when it could have done so under the circumstances which existed at that time;



CBR CONNOLLY BRENNAN RALABATE | PC

e. In that it failed to warn intended product users such as retail agents/employees and customers like the Plaintiff concerning the safety hazards of said product when it could have reasonably and feasibly done so under the circumstances which existed at that time;

f. In that it failed to create, furnish or otherwise transmit adequate instructions concerning said product's use, selection, maintenance, display, stocking, exhibition, advertisement and inspection of said product when it reasonably and feasibly could and should have done so under the circumstances which existed at that time;

g. In that it failed to market said product in such a way which would render said product's use, selection, maintenance, display, stocking, exhibition, advertisement and inspection reasonably safe when it reasonably and feasibly could and should have done so under the circumstances which existed at that time;

h. In that it failed to package said product in such a manner which would render its intended use reasonably safe when it reasonably and feasibly could and should have done so under the circumstances which existed at that time;

i. In that it failed to label said product in such a manner which would

CBR CONNOLLY BRENNAN RALABATE | PC

render its intended use reasonably safe when it reasonably and feasibly could and should have done so under the circumstances which existed at that time;

j. In that the manner in which the bundles of products were packaged, shipped, sold and/or stored was unreasonably safe and/or unstable under the circumstances which existed at that time;

k. In that the Defendant failed to take reasonable precautions to warn and/or protect its intended users from the foreseeable dangers which arise as a result of stacking numerous bundles of products in the manner which it did at the time of this incident;

l. In that the Defendant failed to sell, market, or direct its intended users regarding placing, securing, stocking and/or displaying the bundles of products in a reasonably safe manner so no product or product component would cause harm or injury;

m. In that the Defendant failed to take steps to prohibit in its instructions and/or packaging or its intended users the displayed bundles of products as was done in this case when it knew, or in the exercise of reasonable care should have known that doing so was an unstable display and/or susceptible to being made unstable during the usual and/or ordinary course of business which includes customer inspection and/or handling of said materials/merchandise;

CBR CONNOLLY BRENNAN RALABATE | PC

n. In that the Defendant failed to adequately test the safety and security of the packaged products stacked in a bundled display to determine how secure the merchandise was bundled;

o. In that the Defendant failed to provide adequate product manufacture warning procedures, instructions, warranties for the products.

11. The product caused the Plaintiff to suffer the following harm, injuries and damages, some or all of which are permanent in nature and effect:

a. Head injury, symptoms and sequellae;

b. Head pain;

c. Head/face laceration and scarring;

d. Headache;

e. Blurred vision, nausea, light and sound sensitivity;

f. Past medical bills;

g. Future medical bills;

h. Pain and suffering.

12. Also as a result of the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of

CBR CONNOLLY BRENNAN RALABATE | PC

said product the Plaintiff can no longer perform all of his normal, daily activities on a pain-free basis; will be required to undergo future medical treatment at significant expense; may lose time from work; and suffer an impairment of his earning capacity in the future.

**COUNT THREE: (v. Home Depot Management Company, LLC)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, Home Depot Management Company, LLC (hereinafter referred to as "Home Depot") was a foreign limited liability company utilizing business address 2455 Paces Ferry Road, Atlanta, Georgia, 30339, and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.

3-11. Count One, paragraphs 3 through 11 are herein incorporated by reference as Count Three, paragraphs 3 through 11 of this Complaint.

**COUNT FOUR: (v. Home Depot Management Company, LLC)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven,

CBR CONNOLLY BRENNAN RALABATE | PC

Connecticut.

2. At all times mentioned herein, the Defendant, Home Depot Management Company, LLC (hereinafter referred to as "Home Depot") was a foreign limited liability company utilizing business address 2455 Paces Ferry Road, Atlanta, Georgia, 30339, and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.

3-12. Count Two, paragraphs 3 through 12 are herein incorporated by reference as Count Four, paragraphs 3 through 12 of this Complaint.

**COUNT FIVE: (v. Home Depot Product Authority, LLC)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, Home Depot Product Authority, LLC (hereinafter referred to as "Home Depot") was a foreign limited liability company utilizing business address 2455 Paces Ferry Road, Atlanta, Georgia, 30339, and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.

3-11. Count One, paragraphs 3 through 11 are herein incorporated by reference as Count

CBR CONNOLLY BRENNAN RALABATE | PC

Five, paragraphs 3 through 11 of this Complaint.

**COUNT SIX: (v. Home Depot Product Authority, LLC)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, Home Depot Product Authority, LLC (hereinafter referred to as "Home Depot") was a foreign limited liability company utilizing business address 2455 Paces Ferry Road, Atlanta, Georgia, 30339, and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.

3-12. Count Two, paragraphs 3 through 12 are herein incorporated by reference as Count Six, paragraphs 3 through 12 of this Complaint.



**COUNT SEVEN: (v. New Home Depot Product Authority, LLC)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, New Home Depot Product Authority, LLC (hereinafter referred to as "Home Depot") was a foreign limited liability company utilizing business address 2455 Paces Ferry Road, Atlanta, Georgia, 30339, and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.

3-11. Count One, paragraphs 3 through 11 are herein incorporated by reference as Count Seven, paragraphs 3 through 11 of this Complaint.

**COUNT EIGHT: (v. New Home Depot Product Authority, LLC)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, New Home Depot Product Authority, LLC (hereinafter referred to as "Home Depot") was a foreign limited liability company utilizing business address 2455 Paces Ferry Road, Atlanta, Georgia, 30339, and was authorized by the Connecticut Secretary of State's Office to conduct business in



Connecticut.

3-12. Count Two, paragraphs 3 through 12 are herein incorporated by reference as Count Eight, paragraphs 3 through 12 of this Complaint.

**COUNT NINE: (v. HD Supply, Inc.)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, HD Supply, Inc. (hereinafter referred to as "Home Depot") was a foreign corporation utilizing business address 3400 Cumberland Boulevard, Atlanta, GA 30339 and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.

3-11. Count One, paragraphs 3 through 11 are herein incorporated by reference as Count Nine, paragraphs 3 through 11 of this Complaint.

**COUNT TEN: (v. HD Supply, Inc.)**

1. At all times mentioned herein, the Plaintiff, **Sherwin Daley**, resided in West Haven, Connecticut.

2. At all times mentioned herein, the Defendant, HD Supply, Inc. (hereinafter referred to as "Home Depot") was a foreign corporation utilizing business address 3400 Cumberland

C B R CONNOLLY BRENNAN RALABATE | PC

Boulevard, Atlanta, GA 30339 and was authorized by the Connecticut Secretary of State's Office to conduct business in Connecticut.

3-12. Count Two, paragraphs 3 through 12 are herein incorporated by reference as Count Ten, paragraphs 3 through 12 of this Complaint.



WHEREFORE, the Plaintiff claims:

1. Damages;

2. Costs.

BY: ______________________

Emily Connolly Ralabate
CONNOLLY BRENNAN RALABATE, PC
3288 Main Street, Ste. 101
Stratford, CT 06614
T: 203.493.0093 | F: 203.443.8533
Juris No.: 441648






CBR
CONNOLLY BRENNAN RALABATE | PC




75 FRONTAGE RD MGR MARK MICHAUD
EAST HAVEN, CT 06512 (203)467-2001

6223 00014 61433 09/02/21 01:17 PM
SALE CASHIER NICOLE

```
0000-166-073 1/2 RTD SHTG <A>
   2@29.45                          58.90
098945060098 2X4-96 KD-HT <A>
   7@3.48                           24.36
750298111116 2X4-96 STUD <A>
   5@3.98                           19.90
769887027851 2X6-8 GDF <A>
   2X6-8FT #2/BTR PRIME DOUG FIR
   5@9.98                           49.90
 RSN: 4      20% MKDN               -9.98
   MAX REFUND VALUE $39.92/5

                SUBTOTAL          143.08
                SALES TAX           9.09
                TOTAL            $152.17
                CASH              200.00
                   CHANGE DUE      47.83
```

6223 09/02/21 01:17 PM



6223 14 61433 09/02/2021 0581

RETURN POLICY DEFINITIONS

| | POLICY ID | DAYS | POLICY EXPIRES ON |
|---|---|---|---|
| A | 1 | 90 | 12/01/2021 |

***************************************

DID WE NAIL IT?

Take a short survey for a chance TO WIN
A $5,000 HOME DEPOT GIFT CARD

Opine en Español

www.homedepot.com/survey

User ID: WTP 129378 123169
PASSWORD: 21452 123155

Entries must be completed within 14 days of purchase. Entrants must be 18 or older to enter. See complete rules on website. No purchase necessary.



| | | |
|---|---|---|
| **RETURN DATE: JUNE 7, 2022** | : | **SUPERIOR COURT** |
| **SHERWIN D. DALEY** | : | **J.D. NEW HAVEN** |
| **V.** | : | **AT NEW HAVEN** |
| **HOME DEPOT U.S.A., INC.; HOME DEPOT MANAGEMENT COMPANY, LLC; HOME DEPOT PRODUCT AUTHORITY, LLC; NEW HOME DEPOT PRODUCT AUTHORITY, LLC; HD SUPPLY, INC.** | : | **APRIL 26, 2022** |

**AMOUNT IN DEMAND**

The amount in demand is in excess of fifteen thousand ($15,000.00) dollars excluding interest and costs.

THE PLAINTIFF

BY: ______________________

Emily Connolly Ralabate
CONNOLLY BRENNAN RALABATE, PC
3288 Main Street
Stratford, CT 06614
T: 203.493.0093 | F: 203.443.8533
Juris No.: 441648




CONNOLLY BRENNAN RALABATE | PC

STATE OF CONNECTICUT )

) SS: HARTFORD May 3, 2022

COUNTY OF HARTFORD )

THEN and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within original SUMMONS CIVIL, COMPLAINT with my doings thereon endorsed, by leaving two true and attested verified copies at The Office of the Secretary of State, 165 Capital Avenue, Hartford, Connecticut, registered Agent of Service, for the within named defendant:

Home Depot Product Authority, LLC

2455 Paces Ferry Road, Atlanta, GA 30339

ALSO, THEN and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within original SUMMONS CIVIL, COMPLAINT with my doings thereon endorsed, by leaving a true and attested verified copy at Corporation Service Company, 225 Asylum Street, 20th Floor, Hartford, Connecticut, registered Agent for Service, for the within named defendant:

Home Depot U.S.A., Inc.

2455 Paces Ferry Road, Atlanta, GA 30339

ALSO, THEN and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within original SUMMONS CIVIL, COMPLAINT with my doings thereon endorsed, by leaving a true and attested verified copy at Corporation Service Company, 225 Asylum Street, 20th Floor, Hartford, Connecticut, registered Agent for Service, for the within named defendant:

Home Management Company, LLC

2455 Paces Ferry Road, Atlanta, GA 30339

ALSO, THEN and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within original SUMMONS CIVIL, COMPLAINT with my doings thereon endorsed, by leaving a true and attested verified copy at Corporation Service Company, 225 Asylum Street, 20th Floor, Hartford, Connecticut, registered Agent for Service, for the within named defendant:

Home Depot Product Authority, LLC

2455 Paces Ferry Road, Atlanta, GA 30339

ALSO, THEN and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within original SUMMONS CIVIL, COMPLAINT with my doings thereon endorsed, by leaving a true and attested verified copy at Corporation Service Company, 225 Asylum Street, 20th Floor, Hartford, Connecticut, registered Agent for Service, for the within named defendant:

HD supply, Inc.

3400 Cumberland Boulevard, Atlanta GA 30339

THE WITHIN IS THE ORIGINAL SUMMONS CIVIL, COMPLAINT WITH MY DOINGS HEREON ENDORSED.

FEES:

VERIFIED COPIES:$150.00

ENDORSEMENTS:$7.20

SERVICE:$140.00

TRAVEL:$5.80

SECRETARY OF STATE FEE:$50.00

TOTAL:$353.00

ATTEST:

CT STATE MARSHAL

COUNTY OF HARTFORD

**Brian R. Wright**

Connecticut State Marshal

45 Wyllys Street, Hartford, CT 06106 860-883-5832

# APPEARANCE

JD-CL-12 Rev. 12-21
P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

Return date *(For Civil/Family cases)*: **Jun-07-2022**
Docket Number: **NNH-CV-22-6123222-S**

**Name of case** *(Full name of first Plaintiff v. Full name of first Defendant) Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut*

**DALEY, SHERWIN D. v. HOME DEPOT U.S.A., INC. Et Al**

☐ Housing Session ☒ Judicial District ☐ Geographic Area ____

Address of court *(Number, street, town and zip code)*: **235 CHURCH STREET NEW HAVEN, CT 06510**

Scheduled court date *(Criminal/Motor Vehicle cases only)*:

## Enter the Appearance of

| Name *(Your name or name of official, firm, professional corporation, or individual attorney)* | | | | Juris number *(For attorney/law firm)* |
|---|---|---|---|---|
| **KAITLIN KELLY SMITH** | | | | **436262** |

| Mailing address | Post Office box number | Telephone number *(Area code first)* |
|---|---|---|
| **175 FEDERAL STREET 10TH FLOOR** | | **617-482-0600** |

| City/town | State | Zip code | Fax number | E-mail address |
|---|---|---|---|---|
| **BOSTON** | **MA** | **02110** | | **ksmith@apslaw.com** |

in the case named above for: *(Select one of the following parties)*

**PLAINTIFF**
☐ The Plaintiff.
☐ All Plaintiffs.
☐ The following Plaintiff(s) only: ____________

**DEFENDANT**
☐ The Defendant.
☐ All Defendants.
☒ The following Defendant(s) only: **Pty# D-01 HOME DEPOT U.S.A., INC.**

☐ **Other** *(Specify)*: ____________

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: *(Select one or both)*
☐ matters in the Family Division of the Superior Court ☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as ☐ a Public Defender or ☐ Assigned Counsel (Special Public Defender)
☐ This appearance is for the purpose of a bail hearing only.
☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of: ____________ *Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

**I agree that documents can be delivered (served) to me electronically in this case. (Practice Book Sec. 10-13)** ☐ **Yes** ☒ **No**

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| **436262** | **KAITLIN KELLY SMITH** | **Jun 02 2022** |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)* **Jun 02 2022** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**CONNOLLY BRENNAN RALABATE PC - 3288 MAIN STREET/STRATFORD, CT 06614**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed |
|---|---|---|
| *436262* | **KAITLIN KELLY SMITH** | **Jun 02 2022** |

***FOR COURT USE ONLY***